[No. 1456.   Decided December 26, 1894.]

B. F. JACOBS, *Respondent*, *v.* THE CITY OF PUYALLUP, *Appellant*.

APPEAL—DECISION INVOLVING VALIDITY OF STATUTE.

In an action to recover for legal services in procuring the re-incorporation of a city which had been illegally incorporated, no question can be raised as to the validity of a statute, although one

of the defenses relied upon is the invalidity of the prior incorporation and want of authority to employ plaintiff, when the court in submitting the case to the jury expressly instructs them that unless they find that plaintiff was employed on behalf of the people of the city to perform the services alleged, and that such services were performed and were necessary to such re-incorporation, and that the defendant accepted the benefits thereof and ratified the employment and agreed to pay for the same, they must find for defendant; and in such case, the amount involved being less than two hundred dollars, the supreme court has no jurisdiction of the case on appeal.

*Appeal from Superior Court, Pierce County.*

*A. C. Dresbach,* for appellant.

*B. F. Jacobs* and *H. G. Rowland,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The respondent moves to dismiss this appeal for the reason that the original amount in controversy was less than two hundred dollars. The appellant admits this, but contends that the decision of the cause involves the validity of a statute. The action is founded upon the following circumstances : Plaintiff is an attorney at law, and claims to have been employed by certain citizens of the city of Puyallup, prior to its incorporation, who were purporting to act for the inhabitants at large, to take the necessary steps to incorporate said city, and that by virtue thereof said city became indebted to him in the sum of $140. Prior to said employment there had been an attempted incorporation of said city, which, however, was, or was supposed to be, invalid, and the employment of the plaintiff was by the city council as it existed under such prior incorporation. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled, whereupon issue was joined, and one of the defenses relied upon was the invalidity of the prior incorporation and want of authority, upon the part of the persons purporting to represent the city, to employ the plaintiff to perform the services in question. But in submitting

the case to the jury, the court expressly instructed them that unless they found that the plaintiff was employed on behalf of the people of the city of Puyallup to perform the services alleged, and that such services were performed, and were necessary to such re-incorporation, and that the defendant accepted the benefits thereof, and ratified such employment, and agreed to pay for the same, they must find for the defendant. In so submitting the case to the jury all question as to the validity of the statute was eliminated from the case, and the rights of the plaintiff were made to depend upon the question of fact only ; and the amount recovered being less than two hundred dollars the motion to dismiss must prevail.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.